**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Skywalk Development, LLC, a Nevaded limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>'SA' NYU WA, a tribally-chartered corporation established under the laws of the Hualapai Indian Tribe, et al.,<br><br>Defendants. | No. CV12-8030-PCT-DGC<br><br>**ORDER** |

    Plaintiff entered into a formal revenue-sharing agreement with 'Sa' Nyu Wa ("SNW"), a corporation wholly owned by the Hualapai Indian Tribe, for the planning, construction, and operation of a glass skywalk and related facilities on the edge of the Grand Canyon on the Hualapai reservation. Several years after the contract had been signed, the Hualapai Tribal Council passed an ordinance that purports to allow the Tribe to condemn Plaintiff's contract rights in the skywalk. Earlier this month, the Tribal Council exercised its authority under the ordinance, claimed ownership of Plaintiff's contract rights, terminated an ongoing arbitration between Plaintiff and SNW over various contract disagreements, and, according to Plaintiff, shut Plaintiff out of the skywalk and its operation.

    Plaintiff has filed a complaint asking this Court to declare that the tribe has no authority to condemn Plaintiff's private contract rights and that the ordinance is invalid. Doc. 1. Plaintiff seeks a temporary restraining order ("TRO") barring Defendants "from

taking any steps to enforce the Tribe's purported 'condemnation' of Plaintiff's interest in the operation of the Grand Canyon Skywalk." Doc. 4 at 1-2. Defendants oppose the motion. Doc. 18. The Court heard oral argument on February 24, 2012.

This is the second time the Court has confronted this dispute. After the Tribal Council enacted the ordinance but before it was enforced, Plaintiff filed a lawsuit asking the Court to declare the ordinance illegal. The Court dismissed the case, holding that principles of comity required Plaintiff to exhaust its remedies in tribal court. *See Grand Canyon Skywalk Dev., LLC v. Vaughn*, CV-11-08048-PCT-DGC, 2011 WL 2491425 (D. Ariz., June 23, 2011). This new action again asserts that the Court should exercise jurisdiction and order the Tribe to restore Plaintiff's contract rights. As an initial matter, the Court must decide whether to adhere to its previous decision that Plaintiff must exhaust tribal court remedies before invoking the jurisdiction of this Court.

### A. The Court's Prior Exhaustion Ruling.

"[T]he federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction." *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 16 (1987) (quotation marks and citation omitted). This is particularly true when litigation concerns the validity of a tribal ordinance. As the Ninth Circuit has noted, such litigation goes to the heart of tribal self-government and self-determination. As a result, the "tribe must itself first interpret its own ordinance and define its own jurisdiction." *See Burlington N. R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1246 (9th Cir. 1991) (requiring plaintiff to exhaust tribal remedies before district court could take action on its complaint seeking declaratory judgment invalidating tribal ordinance).

Exhaustion of tribal remedies is not required "where (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdictional prohibitions, (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction, or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on

land covered by *Montana's* main rule." *Burlington N. R.R. Co. v. Red Wolf,* 196 F.3d 1059, 1065 (9th Cir.1999). Only the fourth exception was argued by Plaintiff in the previous suit. When this new case was filed, Plaintiff did not address exhaustion or its exceptions in the TRO application. After Defendants had noted in their opposition to the TRO that the Court previously had dismissed this dispute on exhaustion grounds, Plaintiff asserted at oral argument that three of the four exceptions to exhaustion now apply.

### B.    The Fourth Exception.

The Court previously held that the fourth exception to exhaustion does not apply because, under *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802 (9th Cir. 2011), it was not "plain" that the Hualapai Tribal Court lacked jurisdiction over Plaintiff. 2011 WL 2491425 at *3. Plaintiff asserted at the recent oral argument that *Water Wheel* does not govern this case because it was premised on a tribe's power to exclude non-Indians from reservation lands and the Hualapai Tribe fully and finally exercised the power to exclude when it created SNW and allowed the corporation to enter into a contract with Plaintiff. Plaintiff stated at oral argument that this conclusion is required by *Merrion v. Jicarilla Apache Indian Tribe*, 455 U.S. 130 (1982).

The Court has reviewed *Merrion* with care and finds that it does not support Plaintiff's new argument. *Merrion* held that a tribe does not surrender its sovereign powers by entering into a commercial agreement with a non-Indian, and that the tribe could, as sovereign, impose a new financial tax on the non-Indian even after the tribe had entered into a contract with the non-Indian specifying the financial terms of their arrangement. *Merrion* stands for the proposition that a tribe does not surrender its sovereign powers by entering into commercial agreements with non-Indians. The Supreme Court held that a tribe's sovereign power "governs all contracts subject to the sovereign's jurisdiction, and will remain intact unless surrendered in unmistakable terms." 455 U.S. at 148. "To presume that a sovereign forever waives the right to exercise one of its sovereign powers unless it expressly reserves the right to exercise that

- 3 -

power in a commercial agreement turns the concept of sovereignty on its head." *Id.*

If a tribe does not surrender its sovereign power by directly entering into a contract with a non-Indian, *a fortiori* it does not surrender that power by forming a corporation that enters into a contract with a non-Indian. In this case, the Hualapai Tribe formed such a corporation – SNW – to enter into the contract with Plaintiff. The contract does not, "in unmistakable terms" as required by *Merrion*, waive any sovereign powers of the tribe. Plaintiff therefore has provided no basis for concluding that the Court's prior ruling on the fourth exception to exhaustion is incorrect. *See* 2011 WL 2491425; *see also Grand Canyon Skywalk Dev., LLC v. Vaughn,* CV-11-08048-PCT-DGC, 2011 WL 2981837 (D. Ariz., July 22, 2011) (order denying Plaintiff's motion for reconsideration).

**C.   Futility.**

Plaintiff asserted at oral argument that the futility exception applies. A party is exempt from exhausting its claims in tribal court where "exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction." *Redwolf*, 196 F.3d at 1065. The futility exception appears to be quite narrow, generally applying "only when the tribe does not have a functioning court system." *Felix S. Cohen's Handbook of Federal Indian Law* 632 (2005 ed.). Cases from this circuit and others have found futility where it was doubtful that a functioning tribal court existed, or where the tribal court refused access. *See Johnson v. Gila River Indian Community*, 174 F.3d 1032, 1036 (9th Cir. 1999) (finding futility of requiring appellate review in tribal court where "lack of a briefing schedule, scheduled appellate arguments, a meaningful response to the notice of appeal, or an answer to any of [Plaintiff's] correspondence for an abnormally extensive period create doubt that a functioning appellate court exists."); *Krempel v. Prairie Island Indian Community*, 125 F.3d 621, 622 (8th Cir. 1997) (holding exhaustion not required where no functioning court existed); *Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes*, 623 F.2d 682, 684 (10th Cir. 1980) (finding futility where tribal court refused access).

Plaintiff argues that exhausting the issue of the tribe's jurisdiction in tribal court

would be futile because § 2.16(F)(6) of the condemnation ordinance at issue in this case specifically precludes the tribal court from considering any challenge to the condemnation other than whether the property was taken for a public use.  Attorneys for Defendants stated in response that the limiting language in the ordinance does not preclude Plaintiff from raising in tribal court the superseding question of whether the tribe has jurisdiction over Plaintiff and acted within the limits of its jurisdiction when it passed and enforced the condemnation ordinance.  Defendants filed a supplemental brief arguing that just as the U.S. Congress is restrained in its legislative power by the United States Constitution, the Hualapai Tribal Council is restrained by its own constitution, including the Constitution's due process provision, and that all ordinances of the tribe are subject to constitutional challenge in tribal court.  Doc.  27 at 3.

Defendants thus have conceded that the Hualapai Tribal Court may consider Plaintiff's jurisdictional and constitutional challenges to the ordinance.  The Court assumes that Defendants will not, and cannot, take a contrary position in the tribal court.  The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase of a case."  *Pegram v. Herdrich,* 530 U.S. 211, 227 (2000); *see also* 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) ("a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

Given this concession by Defendants, the Court cannot conclude that the tribal court is unavailable for Plaintiff to exhaust its jurisdictional arguments.  In light of the strong preference for exhaustion recognized in *Iowa Mutual* and similar cases, the Court concludes that Plaintiff has not made a showing of futility.

### D. Bad Faith.

On the day before oral argument, Plaintiff filed a supplemental statement of facts, including thirteen new exhibits, purportedly showing bad faith on the part of the tribe. Doc. 21. Plaintiff asserted for the first time at oral argument that this new information and the proffered testimony from the chairwoman of the tribal council would show that the bad faith exception applies. *See Redwolf*, 196 F.3d at 1065 (a party is exempt from exhausting its claims in tribal court where "an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith").

By raising this issue at the last minute, Plaintiff has provided the Court with no briefing on the contours of the bad faith exception and has afforded Defendants little meaningful opportunity to respond. The Court cannot conclude that the bad faith exception applies on such an incomplete record. Because Plaintiff's bad faith argument appears to be colorable, the Court will afford the parties an opportunity to brief the issue. The parties should address relevant case law on the bad faith exception, what evidentiary showing of bad faith is required, and the evidence each side claims in support of its position. Because time is important in Plaintiff's claim, the Court will require the briefing in short order.

**IT IS ORDERED** that the parties shall provide additional briefing, not to exceed 10 pages each, on the applicability of the bad faith exception by the close of business on **March 1, 2012**.

Dated this 28th day of February, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge