**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Skywalk Development, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>'Sa' Nyu Wa, Inc., et al.,<br><br>  Defendants. | No. CV-12-8030-PCT-DGC<br><br>**ORDER** |

Plaintiff Grand Canyon Skywalk Development, LLC ("GCSD") filed an application for confirmation of arbitration award which was randomly assigned to Judge Frederick J. Martone. No. 12-cv-08183, Doc. 1. Defendant 'Sa' Nyu Wa, Inc. ("SNW") filed a motion for judicial transfer pursuant to Local Rule 42.1. Doc. 63. The motion has been fully briefed (Docs. 64, 66), and neither party has requested oral argument. For the reasons set forth below, the Court will grant Defendant's motion.

**I.   Background.**

In 2003, Plaintiff entered into a formal revenue-sharing agreement with SNW, a corporation wholly owned by the Hualapai Indian Tribe ("the Tribe"), for the planning, construction, and operation of a glass skywalk and related facilities on the edge of the Grand Canyon, located entirely within the Hualapai reservation. *See* No. 12-cv-08183, Doc. 1-1 at 1-50. In 2011, Plaintiff initiated arbitration against SNW for breach of contract claims related to the parties' 2003 Development and Management Agreement

("2003 Agreement"). Doc. 63 at 2. SNW moved to dismiss the arbitration on the grounds that the tribal corporation had sovereign immunity and the terms of the 2003 Agreement required Plaintiff first to obtain an order from the Federal District Court of Arizona before commencing arbitration. *Id.* Arbitrator Shawn K. Aiken denied SNW's motion on November 21, 2011 (Doc. 38-2), and proceeded with the arbitration despite SNW's continued objections (Doc. 63 at 2).

On April 4, 2011, the Hualapai Tribal Council passed an ordinance that purports to allow the Tribe to condemn Plaintiff's contract rights in the skywalk. Doc. 1, ¶ 2. Days before, Plaintiff filed a complaint for declaratory and injunctive relief, seeking to prevent the Tribe from passing and acting upon the ordinance. No. 3:11-cv-8048-DGC, Doc. 1. This Court dismissed the complaint in the interest of requiring Plaintiff to exhaust its tribal court remedies. *Id.*, Doc. 33.

On February 7, 2012, the Tribal Council exercised its authority under the ordinance, claimed ownership of Plaintiff's contract rights, terminated the ongoing arbitration, and, according to Plaintiff, seized control of the skywalk and its operation. Doc. 1, ¶ 3. Plaintiff filed a second complaint for declaratory and injunctive relief and an expedited motion for a temporary restraining order ("TRO"), asking the Court to enjoin SNW and several named Tribal Council members from enforcing the condemnation on the grounds that doing so constituted an illegal "taking" of Plaintiff's contractual rights. Docs. 1, 4.

After extensive briefing and oral arguments, in which Plaintiff argued that the Court had jurisdiction over its complaint and its request for a TRO and that a number of exceptions to the tribal court exhaustion requirement applied, the Court found that none of the claimed exceptions applied and that comity compelled it to require Plaintiff to exhaust its remedies in the Hualapai Tribal Court ("the Tribal Court"). Doc. 58 at 14. Accordingly, the Court denied Plaintiff's motion for a TRO, but elected to stay the action while Plaintiff litigated its claims in the Tribal Court. *Id.* at 15. Plaintiff appealed the Court's rulings requiring exhaustion, and that appeal is currently pending before the

Ninth Circuit. Doc. 61 at 2.

Litigation over Defendants' condemnation and alleged unlawful taking proceeded in the Tribal Court. Doc. 61 at 2. During this time, the Tribal Court ruled that the parties could proceed with arbitration. *Id.* Plaintiff continued with the arbitration, but SNW did not appear or participate. Docs. 61 at 6; 62 at 3. On August 16, 2012, Arbitrator Shawn Aiken issued a Final Arbitration Award in favor of Plaintiff and against SNW in the amount of $28,572,810.25. Doc. 61 at 7. That is the award Plaintiff now seeks to confirm. Doc. 64 at 5-6; *see* No. 12-cv-08183, Doc. 1.

## II. Legal Standard.

Local Rule 42.1(a)(1) provides in pertinent part that:

> Any party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases are pending before different Judges and any party believes that such cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a). District courts have broad discretion in determining whether to grant such motions. *See Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991).

## III. Discussion.

Plaintiff argues, as a preliminary matter, that the Court should deny SNW's motion for transfer because the Court stayed the previous action and there is no pending case before the Court. Doc. 64 at 6. Plaintiff additionally argues that (1) the two actions do not arise from substantially the same events or involve substantially the same questions of law, (2) the two actions do not involve substantially the same parties or property, and (3) SNW has failed to show that transfer would promote judicial economy. Doc. 64 at 6-10.

The Court is not persuaded that Rule 42.1(a)(1) does not apply to a stayed action. Upon determining that Plaintiff must exhaust its remedies in the Tribal Court, the Court had the option of dismissing or staying the action. By electing to stay the action, the

Court retained jurisdiction and required the parties to file status reports on the Tribal Court litigation. Doc. 58 at 15. The action is pending for purposes of Rule 42.1(a)(1).

### 1. Arising from Same Events and Involving Same Questions of Law.

Plaintiff argues that the events giving rise to the arbitration consisted of contract disputes under the 2003 Agreement stemming from Defendants' actions up to but no later than December 31, 2011, while the action before this Court involved the Tribe's subsequent condemnation and taking of Plaintiff's contract rights. Doc. 64 at 7. Thus, Plaintiff argues, the two actions are factually distinct and require the resolution of different legal issues. *Id.*

As Plaintiff acknowledges (Doc. 64 at 8), the narrow issue the Court would need to address in determining whether or not to confirm Plaintiff's award in arbitration is whether "the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The Court cannot conclude that this issue is factually and legally distinct from the issues presented in the stayed action. SNW argues that the arbitrator exceeded his authority by continuing the arbitration following the condemnation because from that moment the Tribe purportedly assumed Plaintiff's rights under the 2003 Agreement. Doc. 63 at 3, 4-5, ¶¶ 1-2. The Tribe's legal authority to take such rights under the power of eminent domain is at issue in Plaintiff's action challenging the condemnation. Thus, although Plaintiff's underlying contract claims may be distinct from the claims at issue in the stayed action, the facts and legal issues upon which the Court would need to rely when determining whether or not to confirm the arbitration award are substantially the same as those raised in the previous suit.

### 2. Involving Substantially the Same Parties or Property.

Plaintiff argues that the pending actions do not involve substantially the same parties because the action it brought before this Court involved twelve additional named defendants. Doc. 64 at 9. The addition of twelve individually-named Tribal Council members is not material because the pleadings largely treat the council members as

- 4 -

surrogates for the Tribe or Tribal Council. Doc. 66 at 5. Both actions are, at their core, disputes between Plaintiff and the Tribe or its proxies over rights stemming from the 2003 Agreement between Plaintiff and SNW. The suits involve substantially the same parties.[1]

### 3. Considerations of Judicial Economy.

This Court has already expended time and judicial resources becoming familiar with the 2003 Agreement and the complex series of factual events that underpin both the arbitration and the stayed case. The parties have previously made both written and oral arguments before this Court related to the Tribe's purported right to assume Plaintiff's contract rights through the exercise of eminent domain. Although the Court has not previously ruled on these issues, it will not be starting from a blank page. Moreover, Plaintiff previously requested that its action for declaratory and injunctive relief be assigned to this Court on the basis that the Court had dismissed without prejudice its earlier complaint for declaratory and injunctive relief filed prior to the challenged condemnation. Doc. 5; *see* No. 3:11-cv-8048-DGC. Because considerations of judicial economy, like the previous factors discussed, weigh in favor of transfer, the Court will grant SNW's motion.

**IT IS ORDERED:**

1. Defendant SNW's motion for transfer (Doc. 63) is **granted**.

---

[1] Plaintiff also argues that the two disputes do not pertain to substantially the same property because the arbitration award concerns monetary damages arising from Plaintiff's breach of contract claims and the stayed action concerns intangible contract rights. Doc. 64 at 9-10. Because Rule 42.1(a)(1) names "parties or property" in the disjunctive, it is sufficient that the parties are substantially the same. *See, e.g.*, *Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *1-2 (D. Ariz. Sept. 14, 2011) ("A transfer is proper if transferring satisfies any one of the factors provided in LRCiv 42.1(a).")

2. The Clerk shall transfer Case No. 12-cv-08183-FJM to this Court.

Dated this 21st day of November, 2012.

```
                                    _____
                                         David G. Campbell
                                    United States District Judge
```